**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Harris,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Superior Court of the State of Arizona in and for the County of Maricopa; the Supreme Court of Arizona; and the State of Arizona,<br><br>　　　　　Defendants. | No. CV-02-494-PHX-SMM<br><br>**ORDER** |

　　　　Pending before the Court is Defendants' Motion for Reconsideration of this Court's October 19, 2006 Order that, *inter alia*, denied without prejudice Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs (the "October 19 Order"). (Dkt. 365.)

**STANDARD OF REVIEW**

　　　　"Reconsideration is proper if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." School Dist. No. 1J Multnomah City v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

**DISCUSSION**

　　　　Initially, the Court notes that Defendants have not clearly stated which of the three limited grounds for reconsideration is the basis of their Motion. Defendants have not

1  presented newly discovered evidence or cited to an intervening change in controlling law;
2  they claim merely that this Court erred in its decision.  See Dkt. 365.

3  The cases cited by Defendants demonstrate that "[a] judgment on the merits is final
4  and appealable even though a request for attorney's fees remains unresolved," and district
5  courts "retain[][] the power to award attorneys' fees after the notice of appeal from the
6  decision on the merits ha[s]been filed."  See Wong v. United States, 859 F.2d 129, 131 (9th
7  Cir. 1988); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983).  The Court
8  does not dispute these propositions, nor does the October 19 Order contradict them.  In the
9  present case, however, this Court exercised its discretion to postpone a decision on
10 Defendants' request for an award of $302,081.15 in attorneys' fees and expenses (and
11 $21,279.22 in related non-taxable costs), on numerous grounds, including Ariz.Rev.Stat.
12 § 12-341.01(a), 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Ariz.Rev.Stat. § 41-1481(J).
13 After carefully weighing and balancing the interests of the Court, counsel, and the litigants
14 in this matter, the Court determined that it would be imprudent to resolve Defendants'
15 pending motions pertaining to an award of attorneys' fees and related non-taxable costs
16 before the Ninth Circuit Court of Appeals issues a ruling on Plaintiff's appeal of this Court's
17 July 7, 2006 Order, which granted summary judgment in favor of Defendants on each of
18 Plaintiff's ten claims (dkt. 332).  Defendants have failed to show that the Court's decision
19 to resolve the pending motions after the Ninth Circuit's decision on Plaintiff's appeal is clear
20 error or manifestly unjust.  See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) ("A
21 district court has inherent power to control the disposition of the causes on its docket in a
22 manner which will promote economy of time and effort for itself, for counsel, and for
23 litigants. The exertion of this power calls for the exercise of a sound discretion.").

24 In sum, Defendants have not presented newly discovered evidence, demonstrated that
25 this Court committed clear error or the initial decision was manifestly unjust, or established
26 the existence of an intervening change in controlling law which would bring this Court's
27 order into question.  See  School Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263.
28 Accordingly,

1  **IT IS HEREBY ORDERED DENYING** Defendant's Motion for Reconsideration.
2  (Dkt. 365.)
3  DATED this 9th day of November, 2006.

Stephen M. McNamee
United States District Judge